NOVEMBER TERM, 1864. 539

The State on the relation of Shoemaker *v.* Han's Administrator.

The State on the relation of Shoemaker *v.* Han's Administrator.

BASTARDY—EVIDENCE.—Where proceedings in cases of bastardy are instituted against the administrator of the estate of the putative father, the mother is a competent witness.

APPEAL from the *Ripley* Common Pleas.

RAY, CH. J.—This was a proceeding under the "Act regulating prosecutions in cases of bastardy, and providing for the support of illegitimate children." 2 G. & H. 624.

The question presented for decision is whether, when the putative father is dead, and the proceedings are instituted against the administrator of the estate, the mother is still a competent witness.

The third section of the act cited provides that "the prosecution shall be in the name of the state of *Indiana*, on the relation of the prosecuting witness, but the rules of evidence shall be the same as in civil cases, and the mother of the child, if of sound mind, shall be a competent witness."

The state of *Indiana* is the plaintiff in the action, and when the rules of evidence in civil cases were applied to the proceedings, the statute simply declared, what would have followed as an inevitable result, that the mother was a competent witness. The sum recovered is declared to be for securing the maintenance and education of the child, and it may or may not be paid to the mother for that purpose. Section 15, 2 G. & H. 624. Has the act of 1861, entitled "An act, in relation to witnesses," etc., changed the rule where an administrator is a party to the action? It is plainly the intent of that act to enlarge the circle of competent witnesses in all civil cases, where administrators, executors, or guardians are not parties to the action, and we do not think the restriction in such cases could be held to repeal the provision of the act under which these proceedings are had, authorizing the mother

to testify. The court below, in our opinion, properly admitted the evidence of the mother over the objection of the defendant.

Judgment affirmed, with costs.

*Charles N. Shook,* for appellant.
*John Schwartz,* for appellee.